UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CASE NO. 3:12-CR-00104-JGH

UNITED STATES OF AMERICA                                                                      PLAINTIFF

v.

JOSHUA EWING                                                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

In its Trial Memorandum, the United States moves the Court to reconsider its decision to sever Count I of the Second Superseding Indictment from Counts VII and IX, the three Counts charged against Defendant Joshua Ewing. As presently stands, the United States will prosecute Ewing only on the latter two Counts. The Court decided to sever Count I as a result of discussions conducted during a pretrial conference held on June 14, 2013, wherein the Court determined that the best response to Ewing's Motion to Dismiss Count I of the Second Superseding Indictment as duplicitous was to sever Count I. Accordingly, the Court never affirmatively ruled on Ewing's motion. In response to the Court's ruling to sever, and apparently in response to Ewing's Motion to Dismiss, the United States now moves for reconsideration of the decision to sever.

Count I is a conspiracy claim alleging that all four charged Defendants conspired together to commit two bank robberies. The United States contends that Ewing's Motion to Dismiss this Count is really a claim that the United States' proof at trial will result in a variance from the Indictment—that the United States will prove two conspiracies, not one. The United States argues that it need only show the "possibility that Defendants were part of a single conspiracy" to allow the Court to hear the conspiracy Count as it stands, and that the United States has

presented sufficient evidence proving this possibility. *United States v. Caver*, 470 F.3d 220, 235-36 (6th Cir. 2007). Assuming the United States is correct as to the standard and its ability to meet the standard, the Court still finds that its prior decision is reasonable and strikes a proper balance between judicial economy and fairness.

The Sixth Circuit holds that the decision to sever defendants and claims rests within the sound discretion of the trial court. *United States v. Willis*, 232 F. App'x 527, 533 (6th Cir. 2007) (citing *United States v. Hand Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006)). The appellate court will not disturb the trial court's decision as to this issue absent a showing of abuse of discretion. *Id.* The Court finds that severing Count I from the other counts charged against Ewing will help prevent juror confusion. Count I charges four different people with conspiring to commit two bank robberies, even though one Defendant acting in the first bank robbery was in jail before and during the second bank robbery, while Ewing, acting only in the second bank robbery, was apparently ignorant of the jailed bank robber. Introduction of evidence as to the first bank robbery entered in order to prove the conspiracy count may prejudice the jury against Ewing as to Counts VII and IX, which only pertain to the second bank robbery. Moreover, trying Count I only against Ewing and then trying Count I against the remaining Defendants at a later date seems inefficient and perhaps confusing to juries in both trials. Even if the Court granted the United States' motion, the Court would still hold a second trial on Count I as to the remaining Defendants, so joining Count I with Counts VII and IX at this time does not necessarily serve judicial economy. Accordingly, the Court will not reconsider its decision to sever Count I from Counts VII and IX in the trial against Ewing.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the United States' Motion to Reconsider is DENIED.

This ___28th___ day of June, 2013.

                                                JOHN G. HEYBURN II
                                                JUDGE, U.S. DISTRICT COURT

cc:     Counsel of Record

3