FILED
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
12 JUL -3 PM 5:02

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CRIMINAL ACTION NO.   3:12CR-00104-JGH

**UNITED STATES OF AMERICA**                                                                      **PLAINTIFF**

VS.

**JOSHUA EWING**                                                                                                **DEFENDANT**

## JURY INSTRUCTIONS

************************************

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. The defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct

proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of

your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

### DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

I will now explain the elements of the crimes that the Defendant is accused of committing.

## II. RULES OF LAW

## INSTRUCTION NO. 1

## Count 7: Bank Robbery.

Title 18, United States Code, Sections 2113(a) and (d), make it a crime for anyone to take from the person or presence of another, by force, violence, or intimidation, any money in the possession of a federally insured bank, and in the process of doing so to assault any person or put the life of any person in jeopardy by using a dangerous weapon or device. Count 7 of the Second Superseding Indictment charges the Defendant, Joshua Ewing, with a violation of this statute on or about January 23, 2012 in the Western District of Kentucky.

For you to find the Defendant guilty of this crime, you must be convinced that the United States has proved each of the following elements beyond a reasonable doubt:

**First**, that on or about January 23, 2012, the Defendant took money from another person while that money was in the care or custody of Your Community Bank, 13205 Magisterial Drive, Louisville, Kentucky;

**Second**, that the Defendant took the money by means of force, violence or intimidation;

**Third,** that the deposits of Your Community Bank were then insured by the Federal Deposit Insurance Corporation (FDIC); and

**Fourth,** that the Defendant assaulted a person or put the life of a person in jeopardy by using a dangerous weapon or device while taking the money from the bank.

Now I will give you more detailed instructions on some of these terms.

To take "by means of intimidation" is to say or do something in such a way that would make an ordinary person fearful of bodily harm. It is not necessary to prove that the alleged victim was actually frightened, and neither is it necessary to show that the Defendant's behavior was so violent that it was likely to cause terror, panic, or hysteria. However, a taking would not be "by means of intimidation" if the fear, if any, resulted from the alleged victim's own timidity rather than some intimidating conduct on the part of the Defendant. The essence of the offense is the taking of money or property accompanied by an intentional, intimidating behavior on the part of the Defendant.

An "assault" may be committed without actually touching or hurting another person. An assault occurs when a person intentionally attempts or threatens to hurt someone else, and has an apparent and immediate ability to carry out the threat, such as by pointing or brandishing a dangerous weapon or device.

A "dangerous weapon or device" includes any object that a person can readily use to inflict serious bodily harm on someone else.

To "put the life of a person in jeopardy by using a dangerous weapon or device" means to expose someone else to a risk of death by using a dangerous weapon or device.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this offense. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this offense.

## INSTRUCTION NO. 2

### Aiding and Abetting

For you to find the Defendant guilty of the crime of bank robbery as charged in Count 7, it is not necessary for you to find that he personally committed the crime. Instead, you may also find the Defendant guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an "aider and abettor."

But for you to find the Defendant guilty of this charge, as an aider and abettor, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt:

**First**, that the crime was committed;

**Second**, that the Defendant helped to commit the crime or encouraged someone else to commit the crime; and

**Third**, that the Defendant intended to help commit or encourage the crime.

Proof that the Defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the Defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of

these elements, then you cannot find the Defendant guilty of that charge as an aider and abettor.

## INSTRUCTION NO. 3

**Count 9: Brandishing a Firearm During and In Relation to a Crime of Violence.**

Title 18, United States Code, Section 924(c)(1)(A), makes it a crime for anyone to brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States. Count 9 of the Second Superseding Indictment charges the Defendant, Joshua Ewing, with a violation of this statute on or about January 23, 2012.

For you to find the Defendant guilty of this crime, you must be convinced the United States has proved each of the following beyond a reasonable doubt:

**First,** that the Defendant committed the crime of bank robbery, as charged in Count 7 of the Second Superseding Indictment. Bank robbery is a crime of violence which may be prosecuted in a court of the United States.

**Second,** that the Defendant knowingly brandished a firearm.

**Third,** that the brandishing of the firearm was during and in relation to the commission of the crime charged in Count 7 of the Second Superseding Indictment.

Now I will give you more detailed instructions on some of these terms.

The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

The term "firearm" means any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count 7 of the Second Superseding Indictment; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count 7, and its presence or involvement cannot be the result of accident or coincidence. The carrying of the firearm cannot be merely coincidental or unrelated to the commission of the crime.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

## INSTRUCTION NO. 4

### Impeachment of Witness by Prior Conviction

You have heard the testimony of Michael McKay, Jillian Wojciechowski, Dean Martin Ridge, Jr., and Christopher Ewing. You have also heard that before this trial, those persons were convicted of a crime.

These earlier convictions were brought to your attention only as one way of helping you decide how believable their testimony was. Do not use it for any other purpose. It is not evidence of anything else.

# INSTRUCTION NO. 5

You have heard the testimony of Jillian Wojciechowski and Dean Martin Ridge, Jr. You have also heard that the government has promised them that it will consider recommending a lesser sentence in exchange for their cooperation.

It is permissible for the government to make such a promise. But you should consider the testimony of Ms. Wojciechowski and Mr. Ridge with more caution than the testimony of other witnesses. Consider whether their testimony may have been influenced by the government's promise.

Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his or her testimony beyond a reasonable doubt.

## INSTRUCTION NO. 6

### Testimony of an Accomplice

You have heard the testimony of Jillian Wojciechowski and Dean Martin Ridge, Jr. You have also heard that they were involved in the same crime that the Defendant is charged with committing. You should consider their testimony with more caution than the testimony of other witnesses.

Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his or her testimony beyond a reasonable doubt.

The fact that Ms. Wojciechowski and Mr. Ridge have pleaded guilty to a crime is not evidence that the Defendant is guilty, and you cannot consider this against the Defendant in any way.

## INSTRUCTION NO. 7

The Second Superseding Indictment charges that the crime occurred "on or about" a certain date. Although the government does not have to prove with certainty the exact date of the alleged offense, the government must prove that the offense was committed on a date reasonably near the date alleged.

## INSTRUCTION NO. 8

Evidence was introduced during the trial regarding the possible length of sentences relating to the charges of bank robbery and brandishing a firearm in connection with a robbery. This evidence was permitted only so that you could consider whether the testimony of Jillian Wojciechowski and Dean Martin Ridge, Jr. was influenced by the possibility of a reduced sentence. Do not use it for any other purpose. It is not evidence of anything else.

You are not to consider the possible sentence that the Defendant may receive if convicted in deciding whether the Defendant is guilty in this case. Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

## III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire to the jury room, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks

at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.